```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
STAFFORD BERRIAN,                        :
                 Plaintiff,              :      13cv1719 (DLC)
                                         :
         -v-                             :      OPINION & ORDER
                                         :
CITY OF NEW YORK; Commissioner DORA B.   :
SCHRIRO; Chief of Department MICHAEL     :
HOURIHANE; Deputy Commissioner           :
FLORENCE L. FINKLE; Warden LUIS          :
RIVERA; Captain "JANE" COUNCIL;          :
Captain "JOHN" MEDINA; Officer "JOHN"    :
PEPE; Officer "JOHN" DEJESUS; and        :
Officer "JOHN" ELLIS,                    :
                                         :
                 Defendants.             :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff Stafford Berrian:

Debra L. Greenberger
Alison Frick
EMERY CELLI BRINCKERHOFF & ABADY LLP
600 Fifth Ave., 10th Fl.
New York, NY 10020

Jonathan S. Chasan
Mary Lynne Werlwas
THE LEGAL AID SOCIETY PRISONERS' RIGHTS PROJECT
199 Water St., 6th Fl.
New York, NY 10038

For defendant City of New York:

Arthur G. Larkin
Odile M. Farrell
CORPORATION COUNSEL OF THE CITY OF NEW YORK
100 Church St., Rm. 3-210
New York, NY 10007

DENISE COTE, District Judge:

Following settlement of this action alleging assault by New York City Department of Correction ("DOC") officers on plaintiff Stafford Berrian ("Berrian" or "Plaintiff"), Plaintiff moved for an award of attorneys' fees and costs.  The motion was referred to Magistrate Judge Freeman, who filed a Report and Recommendation (the "Report") on July 28, 2014 recommending that Plaintiff be awarded attorneys' fees in the amount of $44,175.50, plus costs in the amount of $3,253.77.  The City of New York (the "City") filed timely objections on August 8 (the "Objections"), which were fully submitted on September 26. Having reviewed the City's Objections and having conducted a de novo assessment of the issues they raise, the Report's recommendation is adopted in part for the reasons that follow.

## BACKGROUND

Berrian, an inmate at Rikers Island, brought suit for damages against the City of New York and others ("Defendants") on March 14, 2013 pursuant to 42 U.S.C. § 1983 and New York common law, alleging assault by DOC officers in retaliation for reporting a prior assault to the Legal Aid Society, as well as their pursuit of sham disciplinary proceedings against him in retaliation for the Plaintiff preparing to file the instant suit.  Berrian was represented by attorneys at Emery Celli

Brinckerhoff & Abady LLP ("Emery Celli") and the Legal Aid Society's Prisoners' Rights Project.

With respect to the retaliatory beating, Berrian alleged as follows. On August 1, 2012, thirty minutes after Berrian reported a prior assault by DOC officers to an attorney from the Legal Aid Society, three DOC officers and their captain approached his cell while he was on the toilet. One officer entered Berrian's cell and punched him in the face with force sufficient to knock him onto the ground. The two other officers followed, one kicking Berrian in the ribs and in the face while the other held his legs. The officers then handcuffed him, forced him to his knees, and punched him in the face multiple times. An X-ray taken that evening showed that Berrian's jaw was broken. Berrian underwent surgery for the injury to his jaw, and a metal plate was installed to close the fracture. Following the surgery, Berrian developed an infection in his mouth. Berrian alleged severe and continuing pain, as well as difficulty chewing and continued numbness.

The initial pretrial conference was held on October 11, 2013. The Pretrial Scheduling Order of October 15 provided for the close of fact discovery by April 25, 2014 and a jury trial to commence on September 8, 2014. The first deposition in this action was scheduled for February 19, 2014; depositions of the

DOC officers and captain were scheduled for early March 2014.

Less than a week before the first scheduled deposition, on February 14, the City offered judgment, pursuant to Rule 68, Fed. R. Civ. Pro., (the "Rule 68 Offer")

> for the total sum of Sixty-Five Thousand ($65,000.00) Dollars, plus reasonable attorneys' fees, expenses and costs to the extent, and only to the extent, that recovery of attorneys' fees, expenses and costs is permitted by the Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e, to the date of this offer for plaintiff's federal claims.

Plaintiff accepted the Rule 68 Offer on February 18.[1]  On March 6, judgment was entered for Plaintiff (the "Judgment")

> for the sum total of Sixty-Five Thousand ($65,000) Dollars, plus reasonable attorneys' fees, expenses, and costs to the extent, and only to the extent, that recovery of attorneys' fees, expenses and costs is permitted by the [PLRA], to the date of service of defendants' offer, February 18, 2014.

On March 25, Plaintiff moved for attorneys' fees and costs, submitting in support a memorandum of law, two attorney declarations, and exhibits including contemporaneous time records.  Plaintiff sought $49,511.33; he later reduced his request to $48,536.74.

Plaintiff requested attorneys' fees for 231 attorney hours (after a voluntary reduction of 25.8 hours) multiplied by an

---

[1] On March 5, the City made a second offer of judgment of $35,000 to satisfy Plaintiff's attorneys' fees and costs.  Plaintiff rejected this offer.

4

hourly rate of $187.50 for work done between August 2012 and August 31, 2013 and $165 per hour for work thereafter (with travel billed at 50% of these rates), plus 44.6 paralegal hours at an hourly rate of $100.  Plaintiff's four attorneys' hourly rates for paying clients range from $350 to $600.  The majority of counsel's time -- 155.5 hours -- was billed by the most junior attorney, Jennifer Keighley ("Keighley").  Plaintiff also requested $3,792.49 in costs.

Plaintiff's attorney hours include 45 hours spent on factual investigation, legal research, drafting, editing, and revising the complaint.  Counsel's factual investigation included meeting twice with Plaintiff at Rikers Island; reviewing medical records related to the assault; and reviewing related prison disciplinary records.  Plaintiff notes that the disciplinary proceedings were held in the midst of counsel's drafting of the complaint, and that legal research was required to plead the "novel claim" of retaliation via sham disciplinary charges.

Plaintiff's counsel's time records also include, by Defendants' estimate, approximately 41 hours of time spent conferring with co-counsel or paralegals regarding the case. These conferences addressed, among other things, discovery issues, review of Plaintiff's medical records, Plaintiff's

damages expert, and settlement.  In many cases, Keighley conferred with or updated more senior attorneys regarding work she had performed.  Many of the conferences were short -- between six and eighteen minutes -- and, with few exceptions, billing entries for conferences longer than twenty-four minutes are subdivided, noting the time spent discussing distinct issues.

Plaintiff also requests fees for approximately 3.7 hours of attorney time (almost entirely Keighley's) and 10.7 hours of paralegal time spent obtaining medical releases and medical records.  Plaintiff's counsel sent multiple releases, including mental health releases, specialized releases for X-ray films, follow-up releases with respect to updated records, and releases for records under an alternate name.  Plaintiff's counsel notes that they faced "extreme delay" in receiving these records, which were voluminous -- they comprised the majority of the almost 3,000 pages produced by Plaintiff in discovery.

On July 28, Magistrate Judge Freeman filed the Report, recommending that Plaintiff be awarded $47,429.27, including an award of attorneys' fees in the amount of $44,175.50.  Judge Freeman recommended reducing the hours of attorney Jonathan Chasan ("Chasan") by 10%, given a lack of clarity in his time entries.  Otherwise, Judge Freeman found the requested

6

attorneys' fees reasonable.  Judge Freeman also recommended that the costs requested by Plaintiff be reduced to $3,253.77, after removing certain charges for service and research.

Judge Freeman construed the Rule 68 Offer to expressly provide that no part of the award for attorneys' fees and costs be allocated from the $65,000 award to Plaintiff.  Accordingly, she recommended that attorneys' fees and costs be paid by Defendants, in addition to the $65,000 award.

On August 8, the City filed Objections on three grounds: (1) the Report misconstrued the Rule 68 Offer, and 15% of Plaintiff's judgment should be allocated to partially satisfy the fee award; (2) a 40% across-the-board reduction should be applied to the fee request; and (3) Plaintiff should be prohibited from seeking attorneys' fees in connection with the instant fee application if the Court awards less than $35,000 in fees and costs.  Plaintiff responded to the City's Objections on September 15, and the City replied on September 26.

## DISCUSSION

**I.  Legal Standards**

When considering a magistrate judge's report, a district court "may accept, reject, or modify the recommended disposition."  Fed. R. Civ. Pro. 72(b)(3); cf. Fed. R. Civ. Pro. 54(d)(2)(D) (noting motion for attorneys' fees is a

"dispositive" matter). A district court "must determine de novo any part of the magistrate judge's disposition that is properly objected to." Fed. R. Civ. Pro. 72(b)(3). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Alexis v. Griffin, 11cv5010 (DLC), 2014 WL 5324320, at *3 (S.D.N.Y. Oct. 20, 2014).

Pursuant to 42 U.S.C. § 1988, the "prevailing party" in certain civil rights actions, including Section 1983 actions, may recover "a reasonable attorney's fee as part of the costs." In order to be considered a "prevailing party" for purposes of a federal fee-shifting statute, a plaintiff must achieve a "material alteration of the legal relationship of the parties" that is "judicially sanctioned." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Res., 532 U.S. 598, 604-05 (2001) (citation omitted); accord Carter v. Incorporated Village of Ocean Beach, 759 F.3d 159, 165 (2d Cir. 2014). A court-ordered settlement or consent decree may support an award of attorneys' fees. Buckhannon, 532 U.S. at 604; Roberson v. Giuliani, 346 F.3d 75, 82 (2d Cir. 2003).

"In calculating attorney's fees, the district court must first determine the lodestar -- the product of a reasonable hourly rate and the reasonable number of hours required by the

8

case -- which creates a presumptively reasonable fee." Stanczyk v. City of New York, 752 F.3d 273, 284 (2d Cir. 2014) (citation omitted) (Section 1983 action). It is well-established that plaintiffs should receive compensation for hours "reasonably expended." See, e.g., Townsend v. Benjamin Enters., Inc., 679 F.3d 41, 58 (2d Cir. 2012). "Applications for fee awards should generally be documented by contemporaneously created time records that specify for each attorney, the date, the hours expended, and the nature of the work done." Matusick v. Erie Cnty. Water Auth., 757 F.3d 31, 64 (2d Cir. 2014) (citation omitted). The court should "take[] account of claimed hours that it views as excessive, redundant, or otherwise unnecessary," and "may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." Bliven v. Hunt, 579 F.3d 204, 213 (2d Cir. 2009) (citation omitted).

A court may adjust the lodestar, in "rare circumstances," when it "does not adequately take into account a factor that may properly be considered in determining a reasonable fee." Millea v. Metro-North R.R. Co., 658 F.3d 154, 167 (2d Cir. 2011) (FMLA action) (quoting Perdue v. Kenny A. ex. rel. Winn, 559 U.S. 542, 554 (2010)). The Second Circuit has "repeatedly rejected the notion that a fee may be reduced merely because the fee would be

disproportionate to the financial interest at stake in the litigation." Barbour v. City of White Plains, 700 F.3d 631, 635 (2d Cir. 2012) (citation omitted) (Section 1983 action); accord Millea, 658 F.3d at 168 ("Absent a purely technical victory in an otherwise frivolous suit, litigation outcomes are only relevant to fee award calculations when they are a direct result of the quality of the attorney's performance."). A court has discretion "to reduce the lodestar," including where the lodestar does not properly "reflect the [limited] degree of success achieved at trial." Stanczyk, 752 F.3d at 284-85 (affirming reduction where attorney's "poor representation negatively impacted [plaintiff]'s success at trial").

The PLRA provides, in relevant part, as follows:

(d) Attorney's fees

> [. . .]
>
> (2) Whenever a monetary judgment is awarded in an action [governed by the PLRA], a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.
>
> (3) No award of attorney's fees in [such] an action . . . shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel.

42 U.S.C. § 1997e.

**II. Application**

    **A.   Allocation of Fees from Plaintiff's $65,000 Award**

The Judgment provides that, per the Rule 68 Offer the City made to Plaintiff and that Plaintiff accepted, the City is to pay Plaintiff $65,000, "<u>plus</u> reasonable attorneys' fees, expenses and costs to the extent . . . permitted by the [PLRA]." (Emphasis added.)  The PLRA only requires that "a portion of [Plaintiff's] judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant."  42 U.S.C. § 1997e; <u>see also</u> <u>Shepherd v. Goord</u>, 662 F.3d 603, 607 (2d Cir. 2011) (PLRA "requires the district court to apply some part of the monetary judgment awarded to plaintiff . . . against any fee award.")  Thus, the PLRA permits all but a nominal sum to be paid by the City.  Because the City agreed to pay reasonable attorneys' fees in addition to the amount it paid the Plaintiff, $1 of Plaintiff's $65,000 award shall be allocated to satisfy the attorneys' fees and costs awarded below.  The remainder shall be paid by the City.

The City argues that 15% of Plaintiff's award -- $9,750 -- should be allocated toward attorneys' fees, suggesting that Plaintiff's action was one of the "meritless lawsuits" Congress meant to curtail through the PLRA.  <u>Harris v. City of New York</u>, 607 F.3d 18, 23 (2d Cir. 2010).  In support of this argument,

the City states that Plaintiff's initial demand was a good deal higher than the $65,000 Plaintiff ultimately accepted ($400,000); Plaintiff has been "engaged in goal-oriented, manipulative behavior" -- specifically, Plaintiff has been "preoccupied with the litigious aspects of his incidents with DOC and appeared to be enjoying these interactions for secondary gain," boasting that he would recover a substantial sum in this lawsuit and threatening to sue medical staff if they refused to move him to the housing area of his choice; and Plaintiff was incarcerated for second-degree robbery under an alias.  None of this suggests that Plaintiff's action was meritless, or that 15% of Plaintiff's award should be allocated to fees, despite the fact that the City agreed with Plaintiff that attorneys' fees would be paid in addition to the $65,000 award and that the Judgment orders the same.  The crime for which Plaintiff was incarcerated has no relevance to whether his claim of ill treatment while incarcerated has merit.  Manipulative behavior in prison that is unrelated to the claims pleaded here is also irrelevant.  While an unrealistic initial demand may have an impact on whether the number of hours claimed were reasonably expended where it needlessly prolongs litigation, there is no evidence that the initial demand needlessly prolonged this litigation.  After all, the Plaintiff's claims had sufficient

merit to prompt the City to pay the Plaintiff a substantial sum in addition to fees and costs.

### B. Reasonableness of Plaintiff's Counsel's Billing

The City requests a 40% across-the-board reduction to Plaintiff's attorneys' fee award, because (1) the time spent (a) investigating and drafting the complaint, (b) conferring with co-counsel, and (c) obtaining medical records were excessive, and (2) Plaintiff's success was "limited," as compared against Plaintiff's initial demand for $400,000.[2]  The City's request is denied.

First, the 45 hours spent investigating, researching, and drafting the complaint were reasonable.  The required factual investigation alone was substantial here: Counsel had to twice travel to meet with Plaintiff, who is incarcerated at Rikers Island; review thousands of pages of medical records; review prison disciplinary records; and then revise the compliant, in the midst of drafting, as Plaintiff was brought up on disciplinary charges that became the source of an additional set of claims.  While an allegation of retaliatory, sham disciplinary proceedings is neither novel nor unusual, the underlying facts required investigation by counsel before they

---

[2] By letter of October 27, the City withdrew its objection to the number of hours billed by Chasan.

could be properly pleaded.

Second, the 41 hours of time spent conferring with co-counsel or paralegals were reasonable. Many of these conferences were extremely short -- six to eighteen minutes -- and counsel's time entries are detailed, breaking down most of the longer conferences to identify the length of time each distinct issue was discussed. Defendants do not suggest that any particular conference was unnecessary or overlong. Indeed, as noted by Judge Freeman, a substantial portion of the conferencing appears to be the result of allocating the majority of work to the most junior attorney -- a generally efficient practice. Others concerned factually or tactically complex issues like Plaintiff's damages expert and settlement. On this record, there is no reason to believe that Plaintiff's counsel were attempting to run up costs, and the time reported appears reasonable.

Finally, the City objects that the 14.4 hours spent obtaining medical releases and medical records -- 10.7 hours of those hours spent by paralegals -- were unreasonable. As noted above, Plaintiff's counsel sent a number of releases, including specialized releases, faced delay, and compiled thousands of pages of records, which it then produced to the City. The claim which prompted this lawsuit was the assertion that Corrections

officers used excessive force against the Plaintiff and injured his jaw. The hours expended here were not unreasonable. As the City has raised no other objection concerning the proper calculation of the lodestar figure, and the Court perceives no error on the face of the record, the Court adopts the Report's lodestar calculation of $44,175.50.

More generally, the City complains that the lodestar figure should be adjusted downward because of Plaintiff's "limited" success. This argument would have greater weight if it were combined with a showing that Plaintiff unreasonably extended the litigation by means of an excessive demand. But, no such argument is presented here. A judgment in Plaintiff's favor for $65,000 plus attorneys' fees and costs, less than one year after Plaintiff filed his complaint, constitutes quite substantial success and no unreasonable delay. While the City argues that this is a small proportion of the Plaintiff's initial demand for $400,000, settlement figures are frequently substantially smaller than initial demands. A negative lodestar adjustment based solely on a comparison of the original demand and final settlement figure is not warranted here.[3]

The City has not objected to the remainder of the Report's

---

[3] The City's final objection is moot, as Plaintiff is being awarded more than the $35,000 second Rule 68 offer of judgment concerning attorneys' fees.

recommendations, including the recommendation to award $3,253.77 in costs.  Finding no clear error on the face of the record, those recommendations are adopted.

## CONCLUSION

Plaintiff's March 25, 2014 motion for an award of attorneys' fees and costs is granted.  Plaintiff is awarded $44,175.50 in attorneys' fees and $3,253.77 in costs; $1 of this award is to be taken from Plaintiff's $65,000 damages award in this action.

SO ORDERED:

Dated:    New York, New York
          November 21, 2014

```
                              _____
                                    DENISE COTE
                              United States District Judge
```